FILED
United States Court of Appeals
Tenth Circuit

December 20, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ROBERT AARON DAVIS,

    Defendant - Appellant.

No. 17-4040
(D.C. No. 1:15-CR-00052-DN-1)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **HARTZ** and **O'BRIEN**, Circuit Judges.
_____

We dismiss this appeal because Defendant Robert Aaron Davis executed an enforceable appeal waiver.

Defendant pleaded guilty to one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5). As part of his plea agreement under Fed. R. Crim. P. 11(c)(1)(C), the parties stipulated that he would be sentenced to serve 120 months in prison, and he agreed "to pay all restitution as ordered by the Court," R., Vol. 1 at 20. The plea agreement also included a broad waiver of his right to appeal

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

his sentence, unless it was greater than the sentence set forth in the plea agreement. The district court accepted Defendant's guilty plea.

At sentencing, the government informed the district court that two victims indicated they would be satisfied with restitution ranging from $1,000 to $3,000. A third victim withdrew a request for restitution. Defendant, however, asked the court "to order restitution no greater than $1,000," *id.*, Vol. 3 at 13, because of his age and the length of his imprisonment, his potential difficulty finding employment and competing financial burdens upon release, and the "layers of separation . . . from [him] to the initial harm," *id.* at 14. The court acknowledged the financial burden posed by restitution but ordered that he pay $2,000 to each of the two victims who sought restitution.

Despite his waiver, Defendant appealed the restitution portion of his sentence, arguing that the district court violated *Paroline v. United States,* 134 S. Ct. 1710 (2014), by not explaining the causal basis for imposing the amounts of restitution. The government responded by arguing that we should enforce the appeal waiver and dismiss this appeal, applying the analysis set forth in our decision in *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). Defendant has not filed a reply brief. We review de novo the enforceability of an appeal waiver. *See United States v. Leyva-Matos*, 618 F.3d 1213, 1216 (10th Cir. 2010).

Under *Hahn* we consider three factors in evaluating an appeal waiver: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate

2

rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." 359 F.3d at 1325. All three factors support enforcing the waiver here.

First, the restitution order falls squarely within the scope of the appeal waiver. Under the plea agreement Defendant agreed to waive his right to appeal "any sentence imposed upon [him]," R., Vol. 1 at 19, ¶ 11(c)(1), and the agreement defined the term *sentence* to include "any orders of restitution," *id.* at 20.

Second, the record demonstrates that Defendant knowingly and voluntarily waived his appellate rights. *See Hahn*, 359 F.3d at 1325 (in determining whether waiver was knowing and voluntary, the court especially examines language of the plea agreement and adequacy of Fed. R. Crim. P. 11 colloquy). He signed the plea agreement stating that he fully understood he had the right to appeal his sentence but "knowingly, voluntarily[,] and expressly waive[d]" that right unless his sentence was greater than the sentence set forth in the plea agreement. R., Vol. 1 at 18, 19. Further, during the plea colloquy the district court repeatedly informed Defendant— and he acknowledged he understood—that restitution could be imposed as part of his sentence under the plea agreement. The court also informed him that by entering into the plea agreement, he was "knowingly, voluntarily, and expressly waiving [his] right to appeal [his] sentence unless the sentence imposed [was] greater than the sentence set forth in [the plea] agreement." *Id.*, Vol. 3 at 48. Defendant confirmed that he understood the charges, that he was not under the influence of drugs or alcohol at the plea hearing, and that he had enough information to enter his plea. Moreover, he indicated that he understood he was knowingly and voluntarily waiving his right to

3

appeal his sentence as set forth in the plea agreement. The court therefore accepted his guilty plea, finding that he was fully competent and capable of entering an informed plea, that he was aware of the consequences of his plea, and that he entered his guilty plea knowingly and voluntarily.[1]

Third, nothing in the record suggests that enforcing the appeal waiver would result in a miscarriage of justice. A miscarriage of justice arises when the district court relies on an impermissible factor such as race; ineffective assistance of counsel in connection with the negotiation of the waiver rendered it invalid; the sentence exceeds the statutory maximum; or the waiver is otherwise unlawful. *See United States v. Sandoval*, 477 F.3d 1204, 1208 (10th Cir. 2007). For unlawfulness to invalidate the waiver, it must "seriously affect the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted).

None of these circumstances is present here. There is no indication that the court relied on an impermissible factor such as race. The dissatisfaction with his attorney expressed by Defendant at the plea hearing related only to the length of time it took to enter his guilty plea, not any claimed ineffectiveness in negotiating the waiver; and the plea agreement itself states that Defendant was satisfied with his lawyer. The 10-year sentence did not exceed the statutory maximum. And although Defendant contends that the restitution order constitutes an illegal sentence, this

---

[1] Defendant did not know the specific restitution amounts at the time he entered his plea and waived his appellate rights, but he knew the court would impose restitution, which satisfies the knowing element. *See United States v. Rollings*, 751 F.3d 1183, 1192 (10th Cir. 2014).

would not create a miscarriage of justice. "Our inquiry is not whether the sentence is unlawful, but whether the waiver itself is unlawful because of some procedural error or because no waiver is possible." *Id*. The alleged sentencing error would not render the *waiver* unlawful and unenforceable. *See id.*

Thus, all three factors support enforcement of the waiver. We enforce Defendant's appellate waiver and dismiss this appeal.

Entered for the Court


Harris L Hartz
Circuit Judge